UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                              )<br>        Plaintiff,           )<br>  v.                          )   Case No. 08-CR-20063<br>                              )<br> DEANDRE R. HAMPTON,           )<br>                              )<br>        Defendant.            ) | |

## OPINION

This case is before the court for ruling on Defendant's Motion in Limine as to Defendant's Convictions (#21).  This court has carefully reviewed Defendant's Motion, his Brief in Support (#22), and the Government's Response (#27).  Following this careful and thorough review, Defendant's Motion in Limine (#21) is GRANTED in part and DENIED in part.

BACKGROUND

On December 3, 2008, Defendant, Deandre R. Hampton, was charged by indictment (#1) with knowingly possessing a firearm after having been previously convicted in a court in the State of Illinois of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  The indictment stated that the offense took place on or about September 25, 2008, in Kankakee County.  Defendant is represented by appointed counsel, John C. Taylor, and has been detained pending trial.

On February 19, 2009, Defendant, through counsel, filed a Motion to Suppress Statements (#10).  Defendant was seeking an order suppressing statements he made to police officers following his arrest.  An evidentiary hearing was held on April 23 and 24, 2009.  Following the hearing, this court found the testimony of the police officers credible and denied the Motion to Suppress Statements (#10).  Defendant's jury trial was subsequently scheduled to begin on August 3, 2009,

at 9:00 a.m.

On July 23, 2009, Defendant filed a Motion in Limine as to Defendant's Convictions (#21) and a Brief Regarding Impeachment of Defendant by Past Similar Convictions (#22). Defendant stated that he has three prior convictions: (1) a 2007 conviction of aggravated battery on a police officer, based upon a 2004 charge; (2) a 1999 conviction of aggravated battery on a police officer; and (3) a 1999 conviction of home invasion. Defendant argued that the three prior felony convictions are somewhat remote in time. Defendant also argued that there is great similarity between his prior felony convictions and the current charge against him. Defendant further argued that he must testify to the circumstances of the alleged confession so his credibility will be an issue relevant to guilt. Defendant asked this court to bar reference to his prior convictions in the event he testifies at trial. In the alternative, Defendant asked that, if the prior convictions are used to impeach him if he testifies, that the felony convictions be referred to as "three felony convictions" without mention of the charges.

On July 30, 2009, the Government filed its Response to Defendant's Motion in Limine Regarding Prior Convictions (#27). The Government stated that it has been informed that Defendant does not want to stipulate to having a prior felony conviction pursuant to Old Chief v. United States, 519 U.S. 172, 191 (1997). The Government therefore argued that, in order to prove Defendant guilty of the crime charged, it will have to present testimony that Defendant has a prior felony conviction, which is an element of the offense of possession of a firearm by a felon. The Government stated that it intends to prove Defendant's most recent aggravated battery conviction. The Government argued that, should Defendant elect to testify at trial, it should be allowed to impeach Defendant's testimony with all three of his prior convictions. The Government further argued that this court should not allow Defendant's alternative request because the jury should not

be prevented from knowing about his three prior felony convictions and precluded from properly assessing his credibility.

## ANALYSIS

Rule 609(a)(1) of the Federal Rules of Evidence provides that evidence that the accused has been convicted of a crime punishable by more than one year of imprisonment shall be admitted for impeachment purposes if the court determines that the "probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed R. Evid. 609(a)(1). The Seventh Circuit has articulated a five-part test to guide the district court in determining whether the probative value of a conviction outweighs its prejudicial effect. United States v. Montgomery, 390 F.3d 1013, 1015 (7th Cir. 2004). The court should consider: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." Montgomery, 390 F.3d at 1015. In addition, evidence of a conviction more than ten years old, based upon the later of the date of the conviction or release from confinement imposed for that conviction, is generally not admissible. See Fed. R. Evid. 609(b).

In this case, Defendant was in prison until 2002 following his 1999 convictions. Therefore, all three of Defendant's prior convictions are less than ten years old and have impeachment value as to the issue of Defendant's credibility. See Montgomery, 390 F.3d at 1015-16; see also United States v. Nururdin, 8 F.3d 1187, 1192 (7th Cir. 1993). Following consideration of the relevant factors, this court agrees with the Government that, because prior felony convictions have impeachment value as to the issue of Defendant's credibility, some evidence of his prior felony convictions should be allowed if Defendant testifies. This court concludes, however, that evidence of two of Defendant's felony convictions will be adequate for impeachment purposes. Therefore,

if Defendant testifies, the Government will be allowed to impeach him with evidence of his 2007 conviction of aggravated battery on a police officer (which will also be admitted in the Government's case-in-chief to prove that Defendant has been convicted of an felony) and his 1999 conviction of home invasion.  This court additionally notes that the law in the Seventh Circuit is very clear that, in impeaching a witness with a prior conviction, a party "may identify the particular felony charged, the date, and the disposition."  <u>United States v. Smith</u>, 454 F.3d 707, 716 (7th Cir. 2006); <u>see also</u> <u>United States v. White</u>, 222 F.3d 363, 370 (7th Cir. 2000); <u>Campbell v. Greer</u>, 831 F.2d 700, 707 (7th Cir. 1987).  This court therefore agrees with the Government that Defendant's alternative request should not be allowed and, as to these two convictions, the Government will be allowed to present evidence of the particular felony Defendant was convicted of.

       IT IS THEREFORE ORDERED THAT:

       (1) Defendant's Motion in Limine as to Defendant's Convictions (#21) is GRANTED in part and DENIED in part.  If Defendant testifies, the Government will be precluded from impeaching Defendant with evidence of his 1999 conviction of aggravated battery on a police officer.  The Government will be allowed to impeach Defendant, if he testifies, with evidence of his 2007 conviction of aggravated battery on a police officer and his 1999 conviction of home invasion.

       (2) This case remains scheduled for jury selection and jury trial on August 3, 2009, at 9:00 a.m.

       ENTERED this 3rd day of August, 2009

                **s/ Michael P. McCuskey**
                MICHAEL P. McCUSKEY
                CHIEF U.S. DISTRICT JUDGE