**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

---

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 08-CR-20063 |
| ) | |
| **DEANDRE HAMPTON,** ) | |
| ) | |
| **Defendant.** ) | |

## **OPINION**

This case is before the court for ruling on Defendant's objection to the Presentence Investigation Report (PSR) regarding his status as an Armed Career Criminal. This court has carefully considered the arguments of the parties and the applicable case law. Following this careful review, this court adopts the position of the probation officer and the Government. Accordingly, this court denies Defendant's objection.

## BACKGROUND

On December 2, 2008, Defendant was charged by indictment with the offense of unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) and 924(e). A jury trial commenced on August 3, 2009. Defendant testified on August 4, 2009, and the jury found him guilty of the offense charged in the indictment the same day. Sentencing was scheduled for November 20, 2009, at 2:30 p.m.

Probation subsequently prepared the PSR. The PSR recommended increasing Defendant's offense level by two levels for obstruction of justice because Defendant testified falsely at his jury trial. The PSR also stated that Defendant qualified as an Armed Career Criminal, pursuant to United States Sentencing Guideline § 4B1.4. The PSR stated that Defendant had three prior convictions

for violent felony offenses as defined in 18 U.S.C. § 924(e)(2)(B). The PSR listed the three qualifying convictions as: (1) Home Invasion (Kankakee County Circuit Court, Case #99-CF-324); (2) Aggravated Battery on a Peace Officer (Kankakee County Circuit Court, Case #99-CF-357); and (3) Aggravated Battery on a Peace Officer (Kankakee County Circuit Court, Case #04-CF-614). The PSR stated that, as an Armed Career Criminal, Defendant's offense level is 33. With a Criminal History category of VI, Defendant's advisory guideline sentencing range is 235-293 months.

The PSR stated that Defendant had advised the probation office of two unresolved objections. Defendant objected to the two-level increase for obstruction of justice and also objected to being classified as an Armed Career Criminal. Defendant argued that his conviction for Aggravated Battery in Kankakee County Circuit Court Case #99-CF-357 was a conviction based on "physical contact of an insulting or provoking nature" and therefore is not a violent felony based upon United States v. Evans, 576 F.3d 766, 767 (7th Cir. 2009).

On November 16, 2009, the Government filed a Commentary on Sentencing Factors and Objections to the Presentence Report (#48). The Government argued that Defendant's conviction for Aggravated Battery of a Peace Officer (insulting and provoking contact) in Kankakee County Circuit Court Case #99-CF-357 is a violent felony under the applicable case law. In support of this argument, the Government attached a report released by the United States Department of Justice-Federal Bureau of Investigation (FBI) in October 2009 entitled "Uniform Crime Report, Law Enforcement Officers Killed and Assaulted, 2008."

On November 20, 2009, the sentencing hearing was not held and the case proceeded to a status conference. This court allowed Defendant until January 4, 2010, to respond to the Government's Commentary. This court also allowed the Government until January 25, 2010, to file

a Reply to Defendant's Response.

On December 30, 2009, Defendant filed his Response to the Government's Commentary (#49). Defendant noted that the Government had accurately set out the cases controlling the result here. Defendant argued, however, that the "clearest way to resolve the issue is to strictly follow Evans." On January 25, 2010, the Government filed its Reply (#50). The Government argued that Evans is distinguishable and does not resolve the issue in this case. The Government also noted that it believes that Evans was wrongly decided based upon a decision of the Eleventh Circuit in United States v. Johnson, 528 F.3d 1318, 1321 (11th Cir. 2008). The United States Supreme Court granted certiorari in Johnson and held oral argument during the first week of October 2009. The Government noted that no decision has been issued by the Supreme Court as of the date of its Reply. This court notes that no decision has been issued by the United States Supreme Court in Johnson as of the date of this Opinion.

On January 29, 2010, a status conference was held. This court took Defendant's objections to the PSR under advisement and set Defendant's sentencing for February 25, 2010, at 1:30 p.m.

ANALYSIS

In this case, there is no dispute that Defendant's prior conviction of home invasion and prior conviction of aggravated battery of a peace officer in Case #04-CF-614, which involved Defendant pleading guilty to knowingly causing bodily harm to a police officer, are violent felonies for purposes of the Armed Career Criminal Act. The issue is whether his 1999 conviction of aggravated battery of a peace officer qualifies as a violent felony. This court notes that the issue of whether certain convictions qualify as a violent felony for purposes of the Armed Career Criminal Act has been the subject of a number of recent Seventh Circuit decisions. See, e.g., United States v.

Goodpasture, ___ F.3d ___, 2010 WL 424577 (7th Cir. 2010) (prior California conviction for lewd or lascivious act involving person under the age of 14 not a violent felony under the Armed Career Criminal Act); United States v. Dismuke, ___ F.3d ___, 2010 WL 292671 (7th Cir. 2010) (defendant's prior Wisconsin conviction for vehicular fleeing was a violent felony under Armed Career Criminal Act); United States v. McDonald, 592 F.3d 808 (7th Cir. 2010) (applying same standard as standard set out for convictions under Armed Career Criminal Act, court found defendant's prior Wisconsin convictions for first-degree reckless injury and second-degree sexual assault of a child did not qualify as crimes of violence).

Section 924(e)(2)(B) defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that — (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). To determine whether a prior conviction qualifies as a violent felony under the Armed Career Criminal Act, the United States Supreme Court has instructed courts to apply a "categorical approach." McDonald, 592 F.3d at 810, citing Begay v. United States, 553 U.S. 137, 128 S. Ct. 1581, 1584 (2008), James v. United States, 550 U.S. 192, 202 (2007), Shepard v. United States, 544 U.S. 13, 17 (2005), Taylor v. United States, 495 U.S. 575, 602 (1990). This means that courts may "look only to the fact of conviction and the statutory definition of the prior offense" and do not generally consider the defendant's actual conduct or the "particular facts disclosed by the record of conviction." McDonald, 592 F.3d at 810, quoting Shepard, 544 U.S. at 17. "[F]ederal recidivist statutes such as § 924(e) ask what the defendant was convicted of, not what he did in fact." Goodpasture, 2010 WL 424577, at *2.

A modified categorical approach applies when a statute is "divisible"-that is, when it creates more than one crime or one crime with multiple enumerated modes of commission, some of which may be crimes of violence and some not. McDonald, 592 F.3d at 810, citing United States v. Woods, 576 F.3d 400, 405-06 (2009). "When the statute at issue is divisible in this sense, [courts] may look to the charging document, plea agreement, or other comparable judicial record from the underlying conviction-not to inquire into the specific conduct of the defendant but for the more limited purpose of determining which category of crime the defendant committed." McDonald, 592 F.3d at 810, citing Woods, 576 F.3d at 405-06.

The Illinois statute defining battery provides that a person commits battery "if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 Ill. Comp. Stat. 5/12-3 (West 2008). As noted previously, Defendant's conviction of aggravated battery of a peace officer in Case #04-CF-614 involved a charge of knowingly causing bodily harm to a police officer, the first prong of the statute defining battery. There is no dispute that this conviction qualifies as violent felony conviction. Defendant's conviction of aggravated battery of a peace officer in Case #99-CF-357 involved a charge of knowingly making physical contact of an insulting or provoking nature with a police officer, the second prong of the statute defining battery. The charging instrument charged that Defendant struck Christopher Kidwell about the chest with his hands, knowing Kidwell to be a peace officer engaged in the execution of his official duties. Defendant pled guilty to the charge.

In Evans, the Seventh Circuit determined that a conviction of aggravated battery of a pregnant woman was not a violent felony. In Evans, the defendant had been indicted for having

"knowingly and without legal justification, made contact of an insulting or provoking nature with April Lauderdale, in that the defendant pushed April Lauderdale, knowing April Lauderdale to be pregnant." Evans, 576 F.3d at 767. The defendant pleaded guilty to the charge and admitted that he grabbed the victim by the face and pushed her down to the floor. Evans, 576 F.3d at 767. The Seventh Circuit found that the crime did not fit the first subsection of the definition of violent felony because the "use, etc., of 'physical force' is not an *element* of that crime, since all that that crime requires is proof of making an 'insulting or provoking' physical contact with a woman known to be pregnant." Evans, 576 F.3d at 767-68 (emphasis in original).[1] The court then noted that, to fall under the second subsection of the definition of violent felony (the residual clause), the crime must be similar to the offenses listed in that subsection, such as burglary of a dwelling, arson, extortion, a crime involving the use of explosives "or any other crime that presents a serious risk of physical injury." Evans, 576 F.3d at 768; see also McDonald, 592 F.3d at 811. The court in Evans stated:

> [A]n "insulting or provoking" physical contact, though intentional, could be no more violent than spitting, and a battery that consists merely of deliberately spitting on someone is not comparable to burglary, arson, extortion, or a crime involving the use of explosives. Nor could it be said to present a *serious* risk of physical injury.

Evans, 576 F.3d at 768 (emphasis in original). The court also noted that "[k]issing a pregnant woman knowing she didn't want to be kissed is an aggravated battery." Evans, 576 F.3d at 768.

The court in Evans opined that, because the battery statute at issue embraces two crimes,

---

[1] The Government noted that the Johnson case, currently pending before the United States Supreme Court, decided this issue differently and held that the "touching . . . element of the Florida crime of battery satisfies the physical force requirement of the definition of violent felony." Johnson, 528 F.3d at 1321.

6

offensive battery and forcible battery, the Seventh Circuit's decision in Woods means that the defendant cannot be given the crime-of-violence enhancement. The court stated, however, that there "is an exception if the 'generic' crime (that is, the crime of conviction, here an insulting and provoking physical contact with a pregnant woman) as *generally* committed is violent." Evans, 576 F.3d at 769 (emphasis in original), citing Woods, 576 F.3d at 407-08. The court noted that the Government had not argued that most insulting or provoking conduct with a pregnant woman is violent. Evans, 576 F.3d at 769.

In this case, the Government has argued that aggravated battery of a peace officer as generally committed is violent, and, thus, Defendant's conviction satisfies the second part of the definition of violent felony, the residual clause.[2] The Government argued that it is generally expected that insulting and provoking physical contact with a peace officer is of the violent variety. The Government also argued that, more importantly, it is generally expected that a peace officer will respond to an aggravated battery against him or her by making an arrest (as opposed to a pregnant woman, who is unlikely to attempt a citizen's arrest). The Government argued that the attempted arrest by an armed police officer of a suspect who has already acted aggressively toward the officer presents a serious risk of physical injury to the officer. The Government argued that the risk of injury to the officer during the arrest is a potential consequence of the original aggravated battery and that this is precisely the type of risk that arises in a burglary, which is by definition a violent felony. See 18 U.S.C. § 924(e)(2)(B)(ii). The Government noted that the risk in a burglary is that the owner might be home or come home while the burglary is in progress, resulting in a

---

[2] The Government has conceded that Evans forecloses an argument that Defendant's prior conviction falls under the first subsection of the definition of violent felony.

confrontation and injury. See United States v. Templeton, 543 F.3d 378, 381 (7th Cir. 2008). The Government further noted that, while "[b]urglary rarely leads to physical injury," a mere 2% incidence of injury from a crime renders the risk 'serious.'" Templeton, 543 F.3d at 381.

The Government then noted that, based upon the FBI report provided to this court, 11.3 law enforcement officers were assaulted per 100 sworn officers in 2008. Of those assaults, 26.1% of officers sustained injuries. The report further stated that these officer assaults occurred mostly when officers responded to disturbance calls (32%), attempted other arrests (15.1%) and handled and transported prisoners (11.8%). The Government stated that, significantly, the report stated that 88.5% reported assaults on law enforcement officers were cleared by some means, including the arrest of the offender. The Government argued that "[g]iven that approximately 88.5% of reported assaults resulted in arrests and 26.1% of law enforcement officers who were assaulted sustained injuries (compared to only 2% of burglaries resulting in injuries) aggravated battery of a peace officer by insulting and provoking conduct presents a serious risk of physical injury to the officer." The Government argued that, therefore, this offense qualifies as a violent felony under § 924(e)(2)(B).

In Response, Defendant argued that the Government's empirical evidence which shows that, of all the officers assaulted, "26.1% sustained injuries" is not persuasive because "26.1% is not 'most.'" Defendant argued that the "clearest way to resolve the issue is to strictly follow Evans and conclude that the Seventh Circuit has not yet spoken on whether 'most insulting or provoking conduct with a police officer is violent,'" and conclude that Defendant's conviction, like the conviction in Evans, is not a qualifying conviction under the Armed Career Criminal Act.

In its Reply, the Government pointed out that its evidence showed that "the risk of injury from a police officer assault is 13 times higher than the risk of injury for burglaries, which are unequivocally violent felonies under the statute." The Government argued that aggravated battery of a peace officer, whether charged as causing bodily harm or making insulting and provoking contact, is a violent felony under the language of the statute and the jurisprudence of the Seventh Circuit.

After carefully considering the arguments of the parties and the applicable case law, this court agrees with the Government that Evans is distinguishable and does not require the finding Defendant is seeking. This court concludes that the Government has shown that the crime of aggravated battery of a pregnant woman and aggravated battery of a peace officer are different crimes in relation to the risk of physical injury and their similarity to the enumerated crimes in the residual clause.

To "qualify as a violent felony under the residual clause after Begay, [Defendant's] crime must 'involve conduct that presents a serious potential risk of physical injury to another' and must also be 'roughly similar, in kind as well as in degree of risk posed, to the example []' crimes of burglary, arson, extortion, or use of explosives." Dismuke, 2010 WL 292671, at *7, quoting Begay, 128 S. Ct. at 1584-85. The Seventh Circuit has explained:

> The "similar in kind" aspect of this inquiry asks whether the predicate crime encompasses conduct that is similarly "purposeful, violent, and aggressive" to the example crimes. To put it more succinctly, after
>
> Begay, a residual-clause predicate crime must (1) present a serious

>potential risk of physical injury similar in degree to the enumerated crimes of burglary, arson, extortion, or crimes involving the use of explosives; and (2) involve the same or similar kind of "purposeful, violent, and aggressive" conduct as the enumerated crimes.

Dismuke, 2010 WL 292671, at *7.

This court first concludes that the Government has adequately shown that Defendant was convicted of a crime which "involves conduct that presents a serious potential risk of physical injury to another" similar in degree to the enumerated crimes. See 18 U.S.C. § 924(e)(2)(B)(ii). This court agrees with the Government that battery of a peace officer involves much different risks than battery of a pregnant woman and presents a "serious risk of physical injury to another" at least as great as the enumerated crimes. Therefore, the first requirement set out in Dismuke is met. This court also concludes that the crime of conviction involves the same or similar kind of "purposeful, violent, and aggressive" conduct as the enumerated crimes. This court first concludes that the crime of conviction is purposeful, because the statute requires that the action be taken "intentionally or knowingly." See Dismuke, 2010 WL 292671, at *8 (crime of conviction was purposeful because the statute requires that the offender "knowingly flee or attempt to elude"). This court also concludes that the Government has shown that the crime of conviction in this case, insulting and provoking physical contact with a peace officer, involves violent, aggressive conduct similar to the enumerated crimes. This court notes that it agrees with the Government that "the 'generic' crime (that is, the crime of conviction, here an insulting and provoking contact with a [peace officer]) as *generally* committed is violent." See Evans, 576 F.3d at 769 (emphasis in original), citing Woods, 576 F.3d at 407-08. This court therefore concludes that the second requirement set out in Dismuke

is met.

For all of the reasons stated, this court concludes that Defendant's conviction of aggravated battery of a peace officer is a violent felony and Defendant has been properly classified as an Armed Career Criminal.

IT IS THEREFORE ORDERED THAT:

(1) As far as Defendant's objection to being classified as an Armed Career Criminal, this court adopts the position of the probation officer and the Government. Accordingly, this court denies Defendant's objection.

(2) This case remains scheduled for sentencing on February 25, 2009, at 1:30 p.m.

ENTERED this 25th day of February, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE